UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIK POROZYNSKI | ) | CASE NO. |
| 12738 Hampton Club Dr., # 208 | ) | |
| North Royalton, OH. 44133 | ) | JUDGE |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S COMPLAINT** |
| | ) | |
| v. | ) | (Jury Demand Endorse Herein) |
| | ) | |
| DENISON AUTO PARTS, INC. | ) | |
| c/o Gary C. Weiss | ) | |
| 4500 West 130th Street | ) | |
| Cleveland, OH 44135 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| GARY C. WEISS | ) | |
| 4500 West 130th Street | ) | |
| Cleveland, OH 44135 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| RICK RITTER | ) | |
| 4500 West 130th Street | ) | |
| Cleveland, OH 44135 | ) | |
| | ) | |
| Defendants. | ) | |

Now comes Plaintiff, Erik Porozynski, by and through counsel, and for his Complaint against Defendants Denison Auto Parts, Inc., Gary C. Weiss, and Rick Ritter (collectively, "Defendants"), states and alleges the following:

## **INTRODUCTION**

1. Plaintiff brings this case to challenge the policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio, O.R.C. § 4111.01, *et seq*.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more of the Defendants reside in this district and division and/or all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## PARTIES

5. At all times relevant, Plaintiff Erik Porozynski was a citizen of the United States and a resident of Cuyahoga County, Ohio.

6. Defendant Denison Auto Parts, Inc. is an Ohio corporation with its principal place of business in Cleveland, Cuyahoga County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Denison Auto Parts, Inc.'s statutory agent for service of process is Gary C. Weiss, 4500 West 130th Street Cleveland, OH 44135.

7. At all times relevant, upon information and belief, Defendant Gary C. Weiss was a citizen of the United States, a resident of Ohio, and an owner and/or member of Defendant Denison Auto Parts, Inc. and/or exercised daily operational control over business operations, including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and/or issuing payroll to employees.

8. At all times relevant, upon information and belief, Defendant Rick Ritter was a citizen of the United States, a resident of Ohio, a controller at Defendant Denison Auto Parts, Inc. and exercised operational control over business operations including decisions over the hiring and firing of employees, scheduling employees for work, establishing payroll policies and procedures, establishing rates of pay for employees, and/or issuing payroll to employees.

## FACTUAL ALLEGATIONS

### Defendant's Business

9. Defendants are a used auto parts supplier. Defendant Denison Auto Parts, Inc.'s website states that Defendant is an automobile parts recycler offering used car parts from "nearly 2,000 automobiles on more than 17 acres."[1] Defendant Denison Auto Parts, Inc.'s website states that Defendant is "located in Cleveland, Ohio, and we serve the midwestern [sic] United States as well as offering direct shipping to anywhere in the country."[2]

### Defendants' Status as Employers

10. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and O.R.C. Chapter 4111, and employed hourly employees, including Plaintiff.

11. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

12. At all times relevant, Defendant Weiss was an employer pursuant to 29 U.S.C. § 203(d) in that he was a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant Denison Auto Parts, Inc., "in relation to an employee," Plaintiff.

---

[1] http://www.denisonautopartsoh.com/about-us (accessed Dec. 26, 2016)
[2] http://www.denisonautopartsoh.com/contact-us (accessed Dec. 26, 2016)

13. Defendant Weiss was an individual and an employer as that term is defined in Ohio Rev. Code Chapter 4111 and Article 2, Section 34a of Ohio's Constitution, as Defendant Weiss acted "in the interest of an employer in relation to an employee[.]" O.R.C. § 4111.03.

14. At all times relevant, Defendant Ritter was an employer pursuant to 29 U.S.C. § 203(d) in that he was a "person [who] act[ed] directly or indirectly in the interest of an employer," Defendant Denison Auto Parts, Inc., "in relation to an employee," Plaintiff.

15. Defendant Ritter was an individual and an employer as that term is defined in Ohio Rev. Code Chapter 4111 and Article 2, Section 34a of Ohio's Constitution, as Defendant Ritter acted "in the interest of an employer in relation to an employee[.]" O.R.C. § 4111.03.

16. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

**Plaintiff's Non-Exempt Employment Status With Defendants**

18. Plaintiff was employed by Defendants from about July 2012 to on or about July 26, 2016.

19. Defendants employed Plaintiff in Cleveland, Ohio as a sales representative.

20. Plaintiff was classified by Defendants as a non-exempt employee and paid on an hourly basis at a regular rate of pay that did not exceed one and one-half times the applicable Ohio minimum wage rate.

21. Plaintiff worked in excess of forty (40) hours per week as a sales representative and was eligible for and received commissions and/or non-discretionary bonuses during his

4

employment with Defendants which regularly did not comprise of more than one-half of Plaintiff's total earnings each week.

22. At all times relevant, Plaintiff, was an employee of Defendants within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

23. At all times relevant, Plaintiff was an employee of Defendants engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

### **Defendants' Failure To Pay Overtime Compensation at the Lawful "Regular Rate"**

24. Plaintiff regularly worked more than forty (40) hours in a single workweek.

25. The FLSA and Ohio law required Defendants to pay overtime compensation to their employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty.  29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

26. Defendants did not pay overtime compensation to Plaintiff at the time-and-a-half regular rate required. The FLSA and Ohio law required Defendants to pay overtime compensation to their hourly employees at one and one-half times their "regular rate" of pay, and to include in the calculation of their regular rates "all remunerations for employment paid to, or on behalf of, the employee," including commissions and non-discretionary bonuses within the meaning of the FLSA.  29 U.S.C. § 207(e)(3); 29 C.F.R. 778.117; O.R.C. § 4111.03(A) (incorporating FLSA standards).

27. Defendants unlawfully excluded commissions and/or non-discretionary bonuses that were paid to Plaintiff in determining his "regular rate" for purposes of overtime compensation during weeks in which Plaintiff worked more than forty (40) hours. Defendants thereby miscalculated the regular rate for Plaintiff.

28. Plaintiff was denied significant amounts of overtime compensation because of Defendants' failure to pay Plaintiff at the lawful "regular rate" for the purposes of overtime compensation during weeks in which Plaintiff worked in excess of forty (40) hours.

29. Defendants knowingly and willfully violated the FLSA and Ohio law in failing to pay Plaintiff at the lawful "regular rate" of pay.

**Defendants' Failure to Pay for On-Duty Meal Periods and the Automatic Meal Deduction**

30. Defendants did not provide Plaintiff bona fide meal periods during which he was completely relieved from duty.

31. Defendants automatically deducted on average thirty (30) minutes from Plaintiff's time card each day for a meal period, despite the fact that Plaintiff regularly did not receive and/or take bona fide meal periods.

32. During the time that Plaintiff ate his meal, he among other things, answered phone calls, attended to customers, accessed and interacted with the company computer system(s), and/or performed the duties he was required to perform during his shift.

33. Plaintiff was regularly interrupted during the time that he ate a meal to perform work related duties.

34. The work Plaintiff performed during the time he ate his meal was predominately for Defendants' benefit.

35. Defendants and/or Plaintiff's supervisor(s) observed that Plaintiff did not receive meal periods and/or performed work during the time he ate his meal. Furthermore, Plaintiff reported to his supervisor(s) that he performed work during the time Plaintiff ate his meal.

36. Plaintiff was denied significant amounts of overtime compensation because of Defendants' failure to pay Plaintiff for the unlawfully automatically deducted meal periods during weeks in which Plaintiff worked in excess of forty (40) hours.

37. Defendants knowingly and willfully failed to pay Plaintiff for automatically deducted meal periods during which Plaintiff performed work.

### Defendants' Failure to Pay for Company Computer Systems Training

38. Plaintiff was required to attend company training sessions outside Plaintiff's regular working hours.

39. Plaintiff was not compensated for all hours of attendance at the company training sessions outside Plaintiff's regular working hours.

40. The company training sessions directly related to Plaintiff's job.

41. Plaintiff performed productive work to the benefit of Defendants during attendance at the company training sessions and/or the work Plaintiff performed during the company training sessions was predominately for Defendants' benefit.

42. Plaintiff was not paid for all hours worked during attendance at the company training sessions which denied Plaintiff overtime compensation because Defendants' failure to pay Plaintiff for the work performed during the training sessions occurred during weeks in which Plaintiff worked in excess of forty (40) hours.

43. Defendants knowingly and willfully failed to pay Plaintiff for all hours worked during the company training sessions.

44. Plaintiff complained to his supervisor and/or manager about Defendants' failure to compensate him for all hours worked during the company training sessions.

45. As a result of Plaintiff's complaint about not being paid for all hours worked Plaintiff was disciplined by Defendants.

### Defendants' Failure to Pay for Short Rest Periods

46. The FLSA and Ohio law required Defendants to compensate Plaintiff for rest periods of short duration. 29 C.F.R. 785.18; O.R.C. § 4111.03(A) (incorporating FLSA standards).

47. Defendants required employees, including Plaintiff, to clock out for all periods when the employee leaves the business location during breaks that were less than twenty (20) minutes.

48. Plaintiff was unlawfully not compensated for short rest periods, including on numerous occasions when Plaintiff took less than a seven (7) minute rest break, during weeks in which Plaintiff worked in excess of forty (40) hours.

49. The above payroll practice constitutes a willful violation of the FLSA and Ohio wage law.

### Defendants' Failure to Keep Accurate Records

50. Defendants failed to make, keep, and preserve records of all hours worked by Plaintiff.

51. As a result of Defendants' record-keeping practices, some of the work performed by Plaintiff, including during the period(s) in which Plaintiff was required to attend company training sessions, is unrecorded in Defendants' time and earnings records.

### COUNT ONE
### (FLSA Overtime Violations)

52. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

8

53. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

54. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employee's "regular rate" of pay. 29 U.S.C. § 207(a)(1).

55. Plaintiff should have been paid overtime wages in the amount of 150% of his "regular rate" for all hours worked in excess of forty (40) hours per workweek.

56. Defendants did not pay overtime compensation to Plaintiff at the rate of one and one-half times his regular rate for all his overtime hours.

57. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

58. As a result of Defendants' violations of the FLSA, Plaintiff was injured in that he did not receive wages due to him pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

59. Defendants are liable to Plaintiff for the applicable statute of limitations period as a result of Defendants' willful violations of the FLSA immediately preceding October 14, 2016, pursuant to parties' tolling agreement.

## COUNT TWO
### (Ohio Overtime Violations)

60. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

61. Plaintiff brings this claim for violations of the Ohio law, O.R.C. § 4111.01 *et seq.*

9

62. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. §§ 4111.03 and 4111.10.

63. Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. §§ 4111.03 and 4111.10.

64. These violations of Ohio law injured Plaintiff in that he did not receive wages due to him pursuant to that statute.

65. By engaging in the above described practices and policies, Defendants willfully, knowingly and/or recklessly violated the provisions of the Ohio law.

66. Defendants are therefore "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law.

67. Defendants are liable to Plaintiff for the applicable statute of limitations period as a result of Defendants' willful violations of Ohio law immediately preceding October 14, 2016, pursuant to parties' tolling agreement.

## COUNT THREE
### (FLSA Retaliation)

68. Plaintiff incorporates the foregoing allegations as if fully rewritten herein.

69. At all times relevant herein, Plaintiff was an employee within the meaning of the FLSA, 29 U.S.C. § 203(e).

70. At all times relevant herein, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

71. While Plaintiff was paid on an hourly basis, Defendants willfully failed to pay Plaintiff for all hours worked. *See* 29 U.S.C. § 207.

72. Defendants shortchanged Plaintiff by willfully failing to pay all hours worked. Defendants required Plaintiff to, among other things, attend company training sessions without pay, while accepting the benefit of Plaintiff's off-the-clock work. Failing to pay for all hours an employee is suffered or permitted to work violates the FLSA, 29 U.S.C. § 203.

73. After, and as a result of, engaging in the protected activity of making complaints about Defendants' illegal pay practices, including Defendants' failure to pay Plaintiff for overtime hours worked off the clock to attend company training sessions, Defendants retaliated against Plaintiff by disciplining Plaintiff, reducing his hours, and threatening Plaintiff with further reduction of hours and/or other discipline.

74. As a result of Defendants' retaliatory conduct, Plaintiff's rights under 29 U.S.C. § 215(a)(3) were violated, and Plaintiff is entitled to the remedies as provided under 29 U.S.C. § 216(b).

## COUNT FOUR
### (Ohio Wage Law Retaliation)

75. Plaintiff incorporates the foregoing allegations as if fully rewritten herein.

76. At all times relevant, Plaintiff was an employee within the meaning of O.R.C. Chapter 4111 and Article II, Section 34a of the Ohio Constitution.

77. At all times relevant, Defendants were employers within the meaning of O.R.C. Chapter 4111 and Article II, Section 34a of the Ohio Constitution.

78. After, and as a result of, engaging in the protected activity of making a complaint about Defendants' illegal pay practices, including Defendants' failure to pay Plaintiff for all overtime hours worked, Defendants retaliated against Plaintiff by discriminating against as that term is used under O.R.C. § 4111.13.

79. As a result of Defendants' retaliatory conduct, Plaintiff's rights under O.R.C. § 4111.13(b) were violated, and Plaintiff is entitled to all relief as provided by Ohio law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiff;

B. Award Plaintiff actual damages for unpaid overtime compensation;

C. Award Plaintiff liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff;

D. Award Plaintiff pre- and post-judgment interest at the statutory rate;

E. Award Plaintiff his costs, disbursements, and attorneys' fees incurred in prosecuting this action;

F. Enter judgment for any and all additional civil penalties to which Plaintiff may be entitled; and

G. Award further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)
MCDERMOTT LAW LLC
11925 Pearl Road, Suite 310
Strongsville, Ohio 44136
Telephone: 216-367-9181
Facsimile: 440-846-1625
kevin@mcdermottattorney.com

*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)
